Because of the erroneous instruction to the jury, the judgment is reversed and the cause remanded.

---

### ATKINSON v. STATE. (No. 7290.)

(Court of Criminal Appeals of Texas. Jan. 31, 1923.)

**Weapons ⚖️ 17(4)—Conviction not supported by evidence.**

In a prosecution for unlawfully carrying a pistol, evidence *held* to show defendant at the time charged was a traveler and within exception of the statute forbidding carrying of pistols.

Appeal from Gray County Court; John B. Ayres, Judge.

A. V. Atkinson was convicted of unlawfully carrying a pistol, and he appeals. Reversed and remanded.

R. H. Templeton, of Wellington, for appellant.

W. A. Keeling, Atty. Gen., and C. L. Stone, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the county court of Gray county of the offense of unlawfully carrying on and about his person a pistol.

By the terms of our statute, one who is at the time charged a traveler is not guilty under the law forbidding the carrying of pistols. Our Assistant General in his brief in this case states that in his view the evidence so satisfactorily shows appellant to have been a traveler at the time charged, as that the conviction is contrary to and not supported by the evidence. The statement of facts shows that appellant had conveyed his family from the point where he had been living in Texas to a point in New Mexico. He had returned to Texas for some of his personal property which he could not take upon his first trip. When found on the occasion in question in possession of a pistol, he was in his car on the road traveling in the direction of the point in New Mexico where his family was. He had a roll of bedding and other articles in the car. He said the pistol was rolled up in the bedding. Appellant was corroborated in his own explanation of his possession of said pistol, and his statement of the fact that he was then going from the place where he had lived in Texas to the place where his family lived in New Mexico.

Under these facts we deem the statement of our Assistant Attorney General well founded, and the case will be reversed and remanded.

---

### LYTLE v. STATE. (No. 7390.)

(Court of Criminal Appeals of Texas. Jan. 31, 1923.)

**Criminal law ⚖️ 1131(5)—Appeal dismissed on affidavit showing appellant's escape from custody.**

An appeal will be dismissed on the state's motion accompanied by the sheriff's affidavit showing appellant's escape from custody.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

Jim Lytle was convicted of theft, and he appeals. Appeal dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years. The state's motion to dismiss the appeal is accompanied by the affidavit of the sheriff of Dallas county, showing the escape of the appellant from the custody of the sheriff.

The motion is sustained, and the appeal is dismissed.